**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| SAMMER YASIN, § | | |
| Reg. No. 60562-066, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | EP-11-CV-174-KC | |
| § | | |
| WARDEN M. TRAVIS M. BRAGG, et al., § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Sammer Yasin's ("Yasin") *pro se* civil rights complaint.[1] Therein, Yasin, a federal prisoner at the Federal Correctional Institution–La Tuna, in Anthony, Texas, alleges that the defendants, all employees of the Bureau of Prisons, violated his constitutional rights when they failed to protect him from an assault by another prisoner and failed to provide him with adequate medical care after the prisoner repeatedly struck him in the head with a brick. Yasin seeks twenty million dollars in damages. While "inmates are not required to specially plead or demonstrate exhaustion in their complaints,"[2] Yasin concedes in his complaint that he did not exhaust his administrative remedies through the Bureau of Prisons' multi-tiered administrative remedy program.[3] He claims a counselor never gave him a requested BP-9 form to initiate the process.[4]

According to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (allowing federal officials to be sued for claimed violations of constitutional rights).

[2] *Jones v. Bock*, 549 U.S. 199, 216 (2007).

[3] Compl. 2 [ECF No. 1-1].

[4] *Id.*

conditions under . . . any . . . Federal law[] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in grievance proceedings, such as money damages.[5] The exhaustion requirement gives an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is hauled into federal court" and facilitates the resolution of claims "much more quickly and economically in proceedings before an agency than in litigation in federal court."[6] "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules."[7]

Nonetheless, a prisoner's failure to exhaust may be excused in certain rare circumstances where administrative remedies are not truly "available."[8] "Given that interference by government officials would constitute an excuse for procedural default, and that the prison's failure to act promptly cannot bind a pro se prisoner,"[9] the Fifth Circuit has held, in an unpublished opinion, that "[i]f the institutional authorities *refuse* to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not 'available' to the prisoner."[10]

In this case, however, Yasin does not claim that prison authorities *refused* him the BP-9

---

[5] *Booth v. Churner*, 532 U.S. 731, 740-41 (2001).

[6] *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

[7] *Johnson v. Kukua*, 342 F. App'x 933, 934 (5th Cir. 2009) (unpubl. op.) (citing *Woodford*, 548 U.S. at 89-93).

[8] *Jones*, 549 U.S. at 867-68.

[9] *Nigro v. Sullivan*, 40 F.3d 990, 996 (9th Cir. 1994).

[10] *Aceves v. Swanson*, 75 F. App'x 295, 295 (5th Cir. 2003) (unpubl. op) (per curiam) (emphasis added).

form; he merely asserts that he requested, but never received, the form.[11] A single attempt to acquire a form from a prison counselor simply does not provide a rare circumstance where an administrative remedy is not truly available. Moreover, "difficulties which a prisoner may experience in meeting the . . . requirements for an administrative appeal are properly first brought before the administrative agency."[12] Yasin has failed to proffer any facts showing that he brought the failure to receive the requested BP-9 form to the attention of Bureau of Prisons. In light of Yasin's concession that he did not exhaust administrative remedies before filing his complaint, the Court has no choice but to conclude that his claims remain unexhausted.[13] Consequently, the Court will dismiss his complaint without prejudice for failure to exhaust administrative remedies, as required by § 1997e(a).[14]

The Court, therefore, enters the following orders:

1. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Sammer Yasin's *pro se* civil rights complaint for failure to exhaust his administrative remedies.[15]

2. The Court additionally **DENIES** all other pending motions in this cause, if any, as moot.

---

[11] Compl. 2.

[12] *Purviance v. Maye*, 1:10-CV-255-LY, 2010 WL 3516193 (W.D. Tex. 2010) (citing *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986)).

[13] *See Wendell v. Asher*, 162 F.3d 887, 891-92 (5th Cir. 1998) ("Absent a valid defense to the exhaustion requirement, . . . the statutory requirement enacted by Congress that administrative remedies be exhausted *before* the filing of suit should be imposed.")

[14] *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("[F]ederal prisoners suing under *Bivens* . . . must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit.").

[15] *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (permitting a court to dismiss a case at any time if it determines that the action fails to state a claim on which relief may be granted).

**SO ORDERED.**

**SIGNED** this 12th **day of May, 2011**.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE